LYDIA SMITH *vs.* ELIHU ADAMS.

By the Rev. Sts. *c.* 91, § 1, when bail is taken by a deputy sheriff, it must be by bond to his own superior, the sheriff of the same county : A bail bond taken to the sheriff of another county is void, although the action, in which bail is taken, is brought in that county.

SCIRE FACIAS against the defendant, as bail of William M'Cune.  Trial before *Wilde,* J. who made the following report thereof :

On the 6th of January 1844, the plaintiff sued out a writ against William M'Cune, returnable at the court of common pleas for the county of Hampden, June term 1844, directed to the sheriff of Worcester, or his deputy.  On the 7th of February 1844, M'Cune was arrested, by virtue of said writ, by Luther Clifford, a deputy of the sheriff of Worcester, and held to bail.  A bail bond was signed by M'Cune and the defendant, in the usual form, except that they therein acknowledged themselves " to be bound and obliged unto Caleb Rice, Esq. sheriff of the county of Hampden, his successors in the office, or assigns."  The said writ was duly entered, and at the October term of the court of common pleas, in 1845, the plaintiff recovered judgment against M'Cune for $800 damages and $45·31 costs.  Execution issued thereon, November 4th 1845, which was put into the hands of Cephas Willard, a deputy of the sheriff of Worcester, who duly made return of *non est inventus* thereon.

The defendant objected, that the bail bond was void, the obligee therein named being the sheriff of Hampden. The judge ruled that the bond was void, and a verdict was found for the defendant. To this ruling the plaintiff alleged exceptions.

*R. A. Chapman*, for the plaintiff.

*Ashmun & Vose*, for the defendant.

SHAW, C. J. The ruling was right. By the Rev. Sts. *c.* 91, § 1, "when bail is taken in any civil action, it shall be taken, as heretofore practised in this Commonwealth, by a bond to the sheriff, if the writ is served by him or his deputy." A bail bond, taken by a deputy sheriff of one county, to the sheriff of another county, is of no more avail than a bond to a stranger. The statute is explicit, that when bail is taken by the sheriff or his deputy, it shall be by bond to the sheriff; that is, more fully, if taken by a deputy, by a bond to his own superior, the sheriff of the same county.

*Exceptions overruled.*